103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Lee MATHIS, Plaintiff-Appellant,
v.
Kevin ZIEGLER, Stenographer at Recorder's Court for the City
of Detroit in official and personal capacity,
Defendant-Appellee.
 No. 95-2340.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD*, Circuit Judges.
 
 ORDER
 
 1
 Terry Lee Mathis appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Mathis sued Kevin Ziegler, a court reporter, in his official and individual capacity. Mathis alleged that Ziegler failed to prepare a transcript for a portion of his criminal trial and, consequently, Mathis was unable to properly pursue the appeal of his conviction. Over Mathis's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Mathis's claims were frivolous, and dismissed the case. Mathis has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly dismissed Mathis's claims as frivolous pursuant to 28 U.S.C. § 1915(d). This court reviews a district court's frivolity dismissal under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Mathis's claim against the defendant is not cognizable under § 1983. Mathis alleges that the defendant's failure to produce the trial transcript adversely affected his ability to prosecute his direct criminal appeal. A state prisoner does not state a cognizable claim challenging his conviction if a ruling on his claim would necessarily render his conviction invalid, until and unless his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Consequently, regardless of the type of relief sought, the claim must be dismissed. Id. at 2373. As a ruling on Mathis's § 1983 claim would impact his criminal conviction and Mathis has not demonstrated that his conviction has been remedied by some other process, the district court did not abuse its discretion in dismissing his complaint as frivolous.
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation